**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION-GREENBELT)**

RICHARD (BRENT) ESKAY,

and

SEAN T. PRICE,

    Plaintiffs,

v.                                                Civil Action No.: 8:19-cv-2590

TESLA ENERGY OPERATIONS, INC.
f/k/a SOLARCITY CORPORATION
C/O CORPORATION TRUST INCORPORATED, REGISTERED AGENT
2405 FORK RD., STE 201,
LUTHERVILLE TIMONIUM, MD 21093-2264

and

TESLA, INC.
3500 DEER CREEK RD
PALO ALTO, CA 94070

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW** the Plaintiffs Richard (Brent) Eskay ("Eskay") and Sean T. Price ("Price") (collectively referred to herein as the "Plaintiffs"), by and through the undersigned counsel, and by way of this Complaint seek relief against Defendants Tesla Energy Operations, Inc. f/k/a SolarCity Corporation ("SolarCity") and Tesla, Inc. (collectively referred to as "Defendants"), as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Richard (Brent) Eskay is an adult male residing in Damascus, Maryland.

2. Plaintiff Sean T. Price is an adult male residing in Raleigh, North Carolina.

3. Defendant SolarCity is an solar energy company of that serves the entire United States, and employed Plaintiffs for work in the State of Maryland. At times relevant herein SolarCity was a publicly traded company.

4. Defendant Tesla is a technology company that serves the entire United States and worldwide, and employed the Plaintiffs for work in the State of Maryland. At all times relevant herein, Tesla, Inc. was a publicly traded company.

5. Defendants' principal place of business is in Palo Alto, California.

6. This is an action for damages which exceeds the sum of $75,000.00, exclusive of prejudgment interest, attorneys' fees and costs.

7. This Court has jurisdiction over this case pursuant to 18 U.S.C. § 1514A, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.

8. Plaintiff Eskay timely filed a complaint pursuant to 18 U.S.C. § 1514A with the United States Department of Labor for whistleblower retaliation. More than 180 days have elapsed since the filing of the complaint and no final decision has been reached.

9. Venue is proper in this Court because events giving rise to Plaintiffs' claims primarily occurred in the State of Maryland.

## FACTUAL BACKGROUND

10. Plaintiff Eskay began working with Defendant SolarCity on or about September 12,

2011, in the field of sales for the production of solar power, in particular to governmental entities for solar power generation. Plaintiff Eskay was the top producer for public sector sales in 2016 for Defendants.

11. Plaintiff Price began working with Defendant SolarCity on or about April 6, 2015, in the field of sales for the production of solar power, in particular to governmental entities for solar power generation.

12. In July 2016, Defendants and related companies entered into a merger agreement with each other.

13. In or around March 2017, Defendants transferred the employment of Plaintiffs from SolarCity to Tesla, Inc.

14. Plaintiffs each were induced by Defendants to continue employment in March 2017 with Tesla, Inc. based upon the understanding from Tesla, Inc. that it would perform the contracts Plaintiffs sold, and would continue to sell, to governmental entities for solar power generation.

15. As of March 2017, Plaintiff Eskay had an annualized salary of $100,000.00 and a target annual variable salary of $153,000.00 based upon sales objectives. Plaintiff Eskay's total annual earnings were estimated to be $253,000.00.

16. As of March 2017, Plaintiff Price had an annualized salary of $80,000.00 and a target annual variable salary of $140,000.00 based upon sales objectives. Plaintiff Price's total annual earnings were estimated to be $220,000.00.

17. At times relevant herein, Defendants contracted with Baltimore County, Maryland, Montgomery County, Maryland, Charles County, Maryland, Wicomico Community College, Frederick County, Maryland, Charles County Schools, Cecil County, Maryland, Queen

Anne's BOE and other government entities through the work of Plaintiffs (the "Government Contracts"). Yet, despite entering into the Government Contracts, SolarCity Corporation and thereafter Tesla management did not have the intent to follow through with the contracted work.

18. Despite objections by Plaintiffs to Defendants' management regarding the lack of work on the Government Contracts, Defendants refused to move forward with their obligations on repeated occasions.

19. Administrators of the governmental entities contracting with Defendants under the Government Contracts also objected to Defendants for the lack of any work required under the said contracts. Nevertheless, Defendants refused to move forward with their obligations on repeated occasions.

20. There has been a pattern of the Defendants incurring contractual obligations, such as the Government Contracts, that Plaintiffs sold in good faith, without the intent by Defendants to actually perform Defendants' obligations in any substantive manner. For example, Baltimore County, and Montgomery County were sold agreements, but Defendants missed every construction timeline.

21. By intentionally failing to perform work on the Government Contracts, Defendants caused Plaintiffs to lose commissions and opportunities.

22. In and before March 2017, the time of the transfer of Plaintiffs between Defendants, Plaintiffs believed that Defendants had intended to honor their contractual commitments on the Government Contracts. However, at all times relevant herein, Defendants had no intent to honor the obligations they had under the Government Contracts. Had Plaintiffs known of the true intent of Defendants to not complete contract work, Plaintiffs would not have remained employed with Defendants.

23. At all times relevant herein, Plaintiffs jointly worked on Maryland sales and were induced to stay employed by Defendants, including during the transition in March 2017.

24. During their employment with Defendants, Plaintiffs Eskay and Price made complaints and objections to Defendants' management regarding the lack of any progress or work on the Government Contracts, as well as related to the failure of Defendants to pay commissions to Plaintiffs on the Government Contracts and other contracts.

25. Despite Plaintiffs' loyalty to the Defendants and successful work in sales, Plaintiff Eskay was terminated by Defendants in or around September 8, 2017, and Plaintiff Price was terminated by Defendants in or around September 22, 2017.

26. All conditions precedent to the bringing of this action, if any, have been performed, and this action is timely filed.

## COUNT I
**(Unpaid Wages Under Maryland Law)**

27. Plaintiffs reallege and incorporate herein paragraphs 1-26 of this Complaint above as if set forth herein in full.

28. Plaintiffs as employees of Defendants were entitled to the protection of Maryland State Labor Laws. In particular, Plaintiffs are each protected as an employee of Defendants from wage theft under Maryland State Statutes.

29. Md. Labor & Employ. Code Ann. §§ 3-501 *et seq.* (the "Act"), provides that when an employer, such as Defendants, fail to pay an employee wages when due, the employer is responsible for damages including the wage unpaid, liquidated damages equal to three times (3x) of the unpaid wage, attorneys' fees and costs, and other damages.

30. Md. Labor & Employ. Code Ann. Sections 3-505 and 3-605 require that an

employer pay a terminated employee wages for work that the employee performed before termination. *See* Md. Labor & Employ. Code Ann. § 3-605. Wages are defined as "all compensation that is due to an employee for employment" and include a bonus, commission, fringe benefit, or "[a]ny other remuneration promised for service. *Id.* § 3-501(c). Section 3-507.1 creates a private right of action for an employee to recover unpaid wages. *Id.* § 507.1(a). Plaintiffs have provided notice of intent under this section.

31. Because of Plaintiffs' performance of work for Defendants, Defendants are in violation of Maryland State Labor Laws for failing to pay Plaintiffs wages when due.

32. The acts and omissions committed by Defendants as set forth herein were willful, malicious and in reckless disregard of Plaintiffs' protected rights.

33. As a direct and proximate result of Defendants' failure to pay wages when due, Plaintiffs have suffered and will continue to suffer lost wages, benefits and entitlements, justifying an award, including, but not limited to, unpaid wages, interest and liquidated damages against Defendants.

## COUNT II
### (Retaliation in Violation of MD Lab & Employ. Code)

34. Plaintiffs reallege and incorporate herein paragraphs 1-26 of this Complaint above as if set forth herein in full.

35. Plaintiffs made, or were believed by Defendants to have made, numerous reasonable and good faith complaints of violations of the Act, including complaining of non-payment of wages to Defendants. The Plaintiffs, therefore, exercised their rights protected under the Act. For example, Plaintiff Eskay engaged in numerous communications with his supervisor Jennifer Jachym regarding his concerns over unpaid commissions and the status of payment, including in August 2017. Additionally, in August 2017, Plaintiff Price had numerous

communications with Defendants' Director of Commercial Project Development for North America, John Conley, about his concerns over payment of his unpaid commissions related to the contracts sold by Plaintiff Price that were not being performed by Defendants.

36. Pursuant to the Act, Defendants were prohibited from discharging, threatening, penalizing, or in any other manner discriminating or retaliating against Plaintiffs because of their complaints of violations of the Act.

37. As a result of Plaintiffs' protected disclosures under the Act, Defendants retaliated against Plaintiffs by, *inter alia*, terminating employment, withholding pay, and otherwise retaliating against Plaintiffs.

38. As a direct result of the unlawful acts of Defendants under the Act, Plaintiffs have suffered, and will continue to suffer, damages, including but not limited to, loss of work, back and front pay, loss of benefits and entitlements, damage to reputation, expenses and attorneys' fees and costs.

**COUNT III**
**(Promissory Estoppel)**

39. Plaintiffs realleges and incorporates herein paragraphs 1-26 of this Complaint above as if set forth herein in full.

40. Defendants promised to Plaintiffs on multiple occasions that Defendants would timely and accurately make payment to Plaintiffs for their business development work for Defendants, including the payment of commissions/bonuses.

41. Plaintiffs in good faith performed work for Defendants in a professional and competent manner throughout their employment with Defendants. Defendants, however, did not honor their promise to pay Plaintiffs for Plaintiffs' business development work.

42. Because Defendants failed to honor their promises to Plaintiffs to pay for their work and the related commissions/bonuses, Defendants are estopped from denying their promise of payment to Plaintiffs and have damaged Plaintiffs in amounts to be proven at trial.

## **COUNT IV**
**(Negligent Misrepresentation)**

43. Plaintiffs realleges and incorporates herein paragraphs 1-26 of this Complaint above as if set forth herein in full.

44. Defendants owing a duty of care to the Plaintiffs, negligently asserted false statements to Plaintiffs that all of the Government Contracts and other contracts would be performed so that Plaintiffs would be able to recover their commission payments from Defendants.

45. Defendants repeatedly made the false statement to Plaintiffs regarding the performance of all of the Government Contracts and other contracts with the intent that Defendants' statements would induce Plaintiffs to remain employed and working for Defendants. For example, on or about March 1, 2017, Plaintiff Eskay communicated with his supervisor Jennifer Jachym regarding the status of the contracts sold by Plaintiff Eskay and his unpaid commissions, and Ms. Jachym generally assured Plaintiff Eskay that his commissions would be paid and work performed. In 2017 prior to his termination, Plaintiff Price had on-going discussions with the Defendants' Director of Commercial Project Development for North America, John Conley, about payment of his unpaid commissions related to the contracts sold by Plaintiff Price that were not being performed by Defendants. Mr. Conley generally communicated assurances to Plaintiff Price that he would be receiving his commissions.

46. Defendants believed that the Plaintiffs would rely upon the false statements

regarding Defendants' performance on all of the Government Contracts and other contracts, which Defendants knew would be relied upon by Plaintiffs to their detriment.

47.  Plaintiffs, in good faith, performed work for Defendants in justifiable reliance upon the false statements of Defendants relating to all of the Government Contracts and other contracts.

48.  As a direct and proximate result of the negligent misrepresentations of Defendants, Plaintiffs have suffered, and will continue to suffer, damages, including but not limited to, loss of opportunities, loss of work, back and front pay, loss of benefits and entitlements, damage to reputation, and expenses.

## COUNT V
### (Plaintiff Eskay's Claim for Violation of Section 806 of the Sarbanes-Oxley Act of 2002 as amended (18 U.S.C. § 1514A))

49.  Plaintiff Eskay realleges and incorporates herein paragraphs 1-26 of this Complaint above as if set forth herein in full.

50.  Defendant Tesla operated and controlled Defendant SolarCity as well as the financial statements of SolareCity.

51.  At times relevant to his claims herein and before his termination by Defendants, Plaintiff Eskay reported and complained about a number of practices Plaintiff Eskay reasonably believed violated the Sarbanes-Oxley Act of 2002, as amended, to his supervisors at Defendants, regarding the failure of Defendants to honor the Government Contracts, which caused the revenue from sales to be overstated.

52.  Plaintiff Eskay reasonably believed the activities that he reported and complained about to Defendants constituted fraud in violation of 18 U.S.C. § 1343, in that Defendants had taken on work with local governments that Defendants had no intent to complete and, therefore, the work was taken on by false or fraudulent pretenses, representations, or promises by Defendants

transmitted or caused to be transmitted by means of wire, radio, or television communications in interstate commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice to defraud.

53.     Plaintiff Eskay reasonably believed the activities that he reported and complained about to Defendants that were against the interests of shareholders of Tesla, Inc. and SolarCity.

54.     Defendants were aware that Plaintiff Eskay engaged in the reporting protected under 18 U.S.C. § 1514A, Plaintiff Eskay told his supervisors of his concerns and objections with the failure of Defendants to perform obligations under the Government Contracts.  Instead of acting on the concerns and objections of Plaintiff Eskay, Plaintiff Eskay's supervisors sought to further delay the administrators for the Government Contracts by, inter alia, having Plaintiff Eskay make excuses for performance of Defendants and otherwise obfuscate on the reasons for no work by Defendants under the Government Contracts.

55.     Because of Plaintiff's reporting protected under 18 U.S.C. § 1514A, Defendants retaliated against Plaintiff Eskay by terminating his employment by letter dated September 8, 2017.

56.     As a direct and proximate result the retaliatory personnel actions by Defendants, by and through their employees and agents, Plaintiff Eskay has suffered, and will continue to suffer, damages, including, but not limited to, back and front pay and benefits, damage to his career, personal humiliation, emotional distress, mental anguish and inconvenience.

**WHEREFORE**, Plaintiffs, Richard (Brent) Eskay and Sean Price, demand judgment against Defendants on each claim herein, jointly and severally, for damages, including, but not limited to, economic damages and liquidated damages; an accounting of all funds received by Defendants resulting from Plaintiffs' business development activities; compensatory damages; pre-judgment and post-judgment interest; reinstatement for Plaintiff Eskay under SOX; reasonable

attorneys' fees and costs; and such other relief that this Court deems just and proper under the circumstances.

## REQUEST FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable herein.

Dated: September 6, 2019                             Respectfully submitted,


*/s/ Neil L. Henrichsen*
Neil L. Henrichsen
Federal Trial Bar No. 07683
Dawn C. Stewart
Federal Trial Bar No. 14343
HENRICHSEN LAW GROUP, PLLC
3233 P Street, NW
Washington, DC 20007
Tele: (202) 423-3649
Fax: (202) 379-9792
nhenrichsen@hslawyers.com
dstewart@hslawyers.com
service@hslawyers.com

*Attorneys for the Plaintiffs*