**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION-GREENBELT)**

RICHARD (BRENT) ESKAY,

and

SEAN T. PRICE,

    Plaintiffs,

v.                                                 Civil Action No.: 8:19-cv-2590

TESLA ENERGY OPERATIONS, INC.,

and

TESLA, INC.,

    Defendants.

_____/

**CONSENT MOTION AND MEMORANDUM TO STAY CASE AS TO COUNT V AND TO TRANSFER COUNTS I-IV TO ARBITRATION**

    Plaintiffs, Richard (Brent) Eskay and Sean T. Price (collectively referred to as "Plaintiffs"), and Defendants, Telsa Energy Operations, Inc. f/k/a SolarCity Corporation and Tesla, Inc. (collectively referred to as "Defendants"), by and through their respective undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), and with the consent of all parties to this action, seek to stay Count V of the Complaint (Doc. 1), a claim only brought by Plaintiff Eskay for alleged violation of Section 806 of the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A (the "SOX Claim"), and transfer to arbitration of Counts I-IV to JAMS.  In support hereof, the parties state as follows:

    1.    The parties have conferred and Defendants have presented employee transfer agreements for each of the Plaintiffs that provide for arbitration of disputes before JAMS using the current employment dispute rules.

2.     The pending case includes claims in Counts I-IV that are properly arbitrated. However, the SOX Claim of Plaintiff Eskay, Count V, is not subject to mandatory arbitration. Plaintiff Eskay does not agree to Count V being subject to arbitration.

3.     Based upon the scheduling of the case and the agreed upon arbitration of Counts I-IV, brought by both Plaintiffs, the parties request that the Court stay the case while Counts I-IV are arbitrated. Alternatively, the case should be administratively closed. Upon the conclusion of the arbitration, Plaintiff would within fourteen (14) days advise the Court of the status and seek a lifting of the stay or reopening of the case.

## MEMORANDUM OF LAW

The Court may, at any time in its discretion, extend a deadline if the movant moves prior to the deadline and the movant shows good cause for the extension. *See* Fed. R. Civ. P. 6(b). Here, despite there being an arbitration agreement for Plaintiff Eskay, the SOX claim of Plaintiff Eskay is not subject to mandatory arbitration. *See* 18 U.S.C. § 1514A(e)(2).

Additionally, the Federal Arbitration Act ("FAA") specifically states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

*See* 9 U.S.C. § 2. The Supreme Court has held that the FAA preempts a procedure that is "inconsistent with the FAA, even if it is desirable for unrelated reasons." *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341-42, 351 (2011). In the case at hand, the Parties jointly file this Motion, and as set forth above, good cause exists for the relief requested herein.

Finally, this Motion has not been filed for any improper purpose. The parties seek to conserve judicial resources and economy in the presentation of the claims and defenses. No Party will be prejudiced if the Court grants the relief requested herein.

**WHEREFORE**, the parties respectfully requests that the Court adjourn all dates in the case and stay this case until the conclusion of the arbitration of Counts I-IV.

Respectfully submitted,

| | |
|---|---|
| /s/ Neil L. Henrichsen | /s/ Raymond C. Baldwin |
| Neil L. Henrichsen (07683) | Raymond C. Baldwin (25449) |
| Henrichsen Law Group PLLC | Seyfarth Shaw LLP |
| 1440 G Street, NW | 975 F. Street, NW |
| Washington, DC 20005 | Washington, DC 20004 |
| Telephone: (202) 423-3649 | Telephone: (202) 828-3583 |
| nhenrichsen@hslawyers.com | rbaldwin@seyfarth.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |