UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION-GREENBELT)

RICHARD (BRENT) ESKAY,

and

SEAN T. PRICE,

    Plaintiffs,

v.                                              Civil Action No.: 8:19-cv-2590

TESLA ENERGY OPERATIONS, INC.,

and

TESLA, INC.,

    Defendants.

_____/

**CONSENT MOTION AND MEMORANDUM TO CONTINUE STAY**

    Plaintiffs, Richard (Brent) Eskay and Sean T. Price (collectively referred to as "Plaintiffs"), and Defendants, Telsa Energy Operations, Inc. f/k/a SolarCity Corporation and Tesla, Inc. (collectively referred to as "Defendants"), by and through their respective undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), and consistent with the parties status conference with the Court on January 22, 2021, seek to continue the stay of January 6, 2020 (Doc. 18), relating to the claim brought by Plaintiff Eskay for alleged violation of Section 806 of the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A (the "SOX Claim"). In support hereof, the parties state as follows:

    1.    The Complaint in this action was filed on September 16, 2019. Doc. 1. The parties conferred and Defendants presented employee transfer agreements for each of the Plaintiffs that provide for arbitration of disputes before JAMS using the current employment dispute rules. Accordingly, on January 2, 2020, the parties filed a Consent Motion to Stay Count V and Transfer

Counts I-IV to arbitration at JAMS, Doc. 16 ("Consent Motion"). On January 6, 2020, the Court granted the Consent Motion and required the parties to file a joint status report to the Court within 14-days of the conclusion of the arbitration. Doc. 18.

2. The Plaintiffs filed an arbitration demand with JAMS on all claims except the SOX Claim, and Defendants have responded to the arbitration demand. Due to the COVID-19 pandemic and the status of JAMS office closings, JAMS only recently appointed an arbitrator for the claims. The arbitration with JAMS will involve certain factual issues that overlap with the SOX Claim.

3. Currently, the JAMS arbitration case does not have a set hearing date. Based upon the parties experience in other arbitration cases it is likely that the JAMS arbitration will not take place until late 2021 or early 2022. If the JAMS arbitration is scheduled earlier in 2021, the parties will promptly advise the Court.

4. Based upon the scheduling of the case and the agreed upon arbitration of Counts I-IV, brought by both Plaintiffs, the parties request that the Court continue the stay of the case while Counts I-IV are arbitrated.

**MEMORANDUM OF LAW**

The Court may, at any time in its discretion, extend a deadline if the movant moves prior to the deadline and the movant shows good cause for the extension. *See* Fed. R. Civ. P. 6(b). Here, the Court has previously Ordered a stay of the SOX Claim, which is not subject to mandatory arbitration. *See* 18 U.S.C. § 1514A(e)(2). Furthermore, as represented by the parties to the Court at the January 22, 2021 status conference, the parties believe that certain factual issues in the arbitration will overlap with the SOX Claim. Accordingly, good cause exists for the relief requested herein.

**WHEREFORE**, the parties respectfully requests that the Court continue the stay of the case until the conclusion of the arbitration of Counts I-IV.

Respectfully submitted,

/s/ Neil L. Henrichsen
Neil L. Henrichsen (07683)
Henrichsen Law Group, PLLC
Metropolitan Square
1440 G Street, NW
Washington, DC 20005
Telephone:  (202) 423-3649
nhenrichsen@hslawyers.com

*Counsel for Plaintiffs*

/s/ Raymond C. Baldwin
Raymond C. Baldwin (25449)
Christine M. Costantino (28582)
Seyfarth Shaw LLP
975 F. Street, NW
Washington, DC 20004
Telephone: (202) 828-3583
rbaldwin@seyfarth.com
ccostantino@seyfarth.com

*Counsel for Defendants*